CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
April 21, 2025
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
 DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **DONALD WAYNE BARKSDALE,** ) | |
| Plaintiff, ) | Civil Action No. 7:25cv00196 |
| ) | |
| v. ) | OPINION and ORDER |
| ) | |
| **COUNTY OF GRAYSON, et al.,** ) | By: Robert S. Ballou |
| Defendants. ) | United States District Judge |

Plaintiff Donald Wayne Barksdale, a Virginia inmate proceeding *pro se*, has filed this civil rights action under 42 U.S.C. § 1983 against Grayson County and Chief Magistrate Jill Long for refusing to issue a warrant for assault and battery against two officers of River North Correctional Center. After screening this case pursuant to 28 U.S.C. § 1915A(a), I find the complaint to be frivolous and without merit.

On or about January 17, 2025, Barksdale wished to pursue criminal charges for assault and battery against Sgt. Evans and Sgt. Shaw, officers at the River North Correction Center, because the officers placed their hands on him, even after he informed them that he, as a sovereign being, reserved his rights under U.C.C. § 1-308 and did not consent to Virginia's laws for artificial beings. Magistrate Long informed Barksdale that Virginia law does not recognize "sovereign rights," and that the officers had a legal right to put their hands on him. She declined to issue an arrest warrant.

Although Barksdale denied being a Sovereign Citizen (Pet. at 4), his allegations have the "hallmarks of the 'sovereign citizens' movement, whose followers believe they have special rights and often object to jurisdiction on frivolous and unfounded grounds." *Rosser v. Carson*, No. 7:19CV00156, 2019 WL 1474009, at *2 n.2 (W.D. Va. April 3, 2019). Sovereign citizens "believe that the state and federal governments lack constitutional legitimacy and therefore have

no authority to regulate their behavior." *United States v. Ulloa*, 511 F. App'x 105, 106 n.1 (2d Cir. 2013). Whether claiming the status of a sovereign citizen, a secured-party creditor, or a flesh-and-blood human being, no one is beyond the jurisdiction of the court and the laws of the jurisdiction in which he is present. *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011). The theory has "no conceivable validity in American law." *United States v. Schneider*, 910 F.2d 1569, 1570 (7th Cir. 1990); *Rosser*, 2019 WL 1474009, at *2 n.2. Based upon this, Magistrate Long had every legal right—and duty—to decline issuing an arrest warrant. *See* Va. Code § 19.2-72 (magistrate shall issue arrest warrant only if she "finds that there is probable cause to believe the accused has committed an offense.")

Even if the warrant should have been issued, however, the Chief Magistrate Judge (like all magistrate judges in Virginia) is entitled to absolute immunity for performance of tasks normally performed by a judge. *King v. Myers*, 973 F.2d 354, 358 (4th Cir. 1992). Virginia magistrates are vested with "[t]he same power to issue warrants and subpoenas as is conferred upon district courts and as limited by the provisions of §§ 19.2-71 through 19.2-82." Va. Code § 19.2-45. Clearly, determining whether there is probable cause to issue an arrest warrant is one of the tasks normally performed by a judge in the district courts, and Long is entitled to absolute immunity for her exercise of this judicial function.

For the reasons stated, it is **ORDERED** that the Complaint under 42 U.S.C. § 1983 is summarily **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1)–(2) as frivolous and as seeking monetary relief from one who is immune from such relief. Plaintiff's Motion for Leave to Proceed *in forma pauperis* is **DISMISSED** as moot, and this action is **STRICKEN** from the docket of the court.

The Clerk is directed to send a copy of this Opinion and Order to Mr. Barksdale.

        Enter:  April 21, 2025

        /s/ Robert S. Ballou

        Robert S. Ballou
        United States District Judge